UNITED STATES of America, Appellee,

v.

Lawrence DALIA, Appellant.

No. 77–1277.

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1978.

Decided May 3, 1978.

Jonathan L. Goldstein, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Chief, Appeals Div., Newark, N. J., for appellee.

Louis Ruprecht, Ruprecht & Graham, Newark, N. J., for appellant.

Before ROSENN and HIGGINBOTHAM, Circuit Judges, and VanARTSDALEN, District Judge.*

OPINION OF THE COURT

HIGGINBOTHAM, Circuit Judge.

The crucial issue before this Court in this appeal from a final judgment of conviction stems from the use of electronic surveillance to obtain evidence of Lawrence Dalia's complicity in the crimes of which he was found guilty. Dalia was found guilty under two counts of a five-court indictment for conspiracy to transport, receive and possess stolen goods in violation of 18 U.S.C. § 371 (1970) and for receiving stolen goods while in interstate commerce in violation of 18 U.S.C. §§ 2, 2315 (1970). Dalia's co-defendant, Daniel Rizzo, pleaded guilty to the offenses charged in the indictment prior to the commencement of the trial. Five named co-conspirators were charged in a prior indictment and pleaded guilty to the charge of possessing goods stolen in interstate commerce in violation of 18 U.S.C. § 659 (1970). These five individuals were arrested on April 5, 1973, by FBI agents who, in the execution of a search warrant,

---

* Honorable Donald W. VanArtsdalen, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

found the stolen 664 rolls of polyester fabric valued at approximately $250,000. These rolls of fabric were the same goods underlying the offenses for which the appellant, Dalia, was convicted. Dalia was sentenced to serve two concurrent five-year terms.

I.

On March 14, 1973, Judge Frederick B. Lacey granted the United States Department of Justice authorization to intercept wire communications emanating from two telephones located in Dalia's business office pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* The original order authorized wire interception for a period of twenty days. Upon the expiration of that order a new order was issued authorizing the interception of both wire *and* oral communications. The second order, issued April 5, 1973, provided that the Special Agents of the FBI were authorized to:

> Intercept oral communications of Larry Dalia, and others as yet unknown, concerning the above-described offenses at the business office of Larry Dalia, consisting of an enclosed room, approximately fifteen (15) by eighteen (18) feet in dimension, and situated in the north westerly corner of a one-story building housing Wrap-O-Matic Machinery Company, Ltd., and Precise Packaging, and located at 1105 West St. George Avenue, Linden, New Jersey.

By an order dated April 27, 1973, the authorization to intercept oral and wire communications was extended for a maximum of twenty days. Pursuant to these orders, two business phones used by Dalia were electronically surveilled and a hidden microphone was installed in his place of business. Each interception order directed the De-

partment of Justice to provide the court with progress reports on the fifth, tenth and fifteenth days of surveillance. Finally, on May 16, 1973, the interception of wire and oral communications terminated.

Appellant's major contention on appeal to this Court pursuant to 28 U.S.C. § 1291 is that an electronic listening device was unlawfully installed on his business premises by government agents after gaining entrance by surreptitious entry not explicitly authorized in the court's orders. Therefore, appellant argues, the trial judge erroneously denied his motion to suppress tapes obtained from the oral interception.[1] We agree with Judge Lacey that an order authorizing the interception of oral communications does not require explicit authorization for a forcible, surreptitious entry and we affirm.

II.

Appellant argues that the fourth amendment prohibits use of evidence obtained from an electronic listening device which agents installed in his premises after forcible and surreptitious entry without express judicial approval for such entry. In essence, the appellant contends that while the surveillance itself may be legally authorized by a search warrant, the legality of the break-in is entitled to separate fourth amendment scrutiny. Judge Lacey held that such explicit judicial approval of a break-in was not required when the surveillance was properly authorized.

Since Judge Lacey filed his opinion, the Fourth, Second and D. C. Circuits have rendered decisions on the issue involved in this case. In *Application of United States for an Order Authorizing the Interception of Oral Communications*, 563 F.2d 637 (4th Cir. 1977), the court held that government

---

1. Appellant also maintains that the supervising judge was misled by the government's progress reports and that the continuing electronic surveillance was unjustifiable, not so minimized as claimed by the government, and, presumably, lacking in probable cause. Appellant argues that the trial court erred in failing to interrogate a juror to determine whether the verdict was "tainted" by extraneous influences, that

the disclosure of a privileged communication between Dalia and his wife to a grand jury that did not issue his indictment justifies the suppression of all electronically intercepted evidence and, finally, that the trial court abused its discretion in sentencing Dalia to two five-year concurrent terms. We find no merit to these contentions.

agents could covertly enter private premises to install a listening device only after the district court had made an independent determination to allow such covert entry. 563 F.2d at 644. Similarly in *United States v. Ford*,[2] 180 U.S.App.D.C. 1, 553 F.2d 146 (1977), in an opinion *per* Judge Skelly Wright, the court held that the Fourth Amendment required that government agents seek a valid warrant specifically authorizing surreptitious entry to install electronic surveillance devices. In *Ford, supra*, the court's order authorized surreptitious entry; however, the order was found invalid on its face because of overbreadth. 180 U.S.App.D.C. at 20, 553 F.2d at 165. To the contrary, in *United States v. Scafidi*, 564 F.2d 633 (2d Cir. 1977), the Second Circuit held that implicit in a court order authorizing the interception of oral communications was the concomitant authorization to secretly enter the premises to install the electronic surveillance device.

> [A]ny order approving electronic surveillance of conversations to be overheard at a particular private place, must, to be effective, carry its own authority to make such reasonable entry as may be necessary to effect the "seizure" of the conversations.
>
> · · · · ·
>
> We, therefore, hold that when an order has been made upon adequate proof as to the probable cause for the installation of a device in particular premises, separate

order authorizing entry for installation purposes is not required. 564 F.2d at 640.

Judge Lacey found that in this case a surreptitious entry was within contemplation.

> On this set of facts, I find that the safest and most successful method of accomplishing the installation of the wiretapping device was through breaking and entering the premises in question. Dalia in fact stated that, to the best of his knowledge, it would be impossible to install such a device in that location without gaining access to the building forcibly. Affidavit of Dalia at ¶ 4. In most cases the only form of installing such devices is through breaking and entering. The nature of the act is such that entry must be surreptitious and must not arouse suspicion, and the installation must be done without the knowledge of the residents or occupants.[3]

426 F.Supp. 862, 866 (1977).

We accept Judge Lacey's finding that a surreptitious entry was the most effective means for installing the interception device as well as his finding that the installation was based upon probable cause and executed in a reasonable fashion.

In rejecting appellant's contention in this case that separate authorization was required for the forcible surreptitious entry, we do not adopt a rule that specific authorization is never required. In the future, the more prudent or preferable approach

---

**2.** *United States v. Finazzo*, 429 F.Supp. 803 (E.D.Mich.1977), held that independent court authorization was required for covert entry to carry out an oral interception order. That court, in an opinion *per* now Circuit Judge Damon Keith, followed the analysis of *United States v. Ford, supra*, and the "reservations expressed by the Court of Appeals for the Eighth Circuit" in *United States v. Agrusa*, 541 F.2d 690 (8th Cir. 1976). In *Agrusa, supra*, the interception order contained express court authorization to break and enter. The court noted at 541 F.2d at 696 n.13:

> We do not decide what result obtains if the officers act without express court authorization to break and enter (although with court authorization to intercept). We are certain, however, that the resolution becomes much more difficult in that event, and we commend

the procedures employed here to law enforcement officials in the future.

**3.** When Dalia's counsel argued before the commencement of trial the need for greater court supervision in the covert installation of interception devices, Judge Lacey clarified, for the record, his involvement in the follow-up of his order. He stated that: (1) he did not discuss with the supervising attorney or the agents how the order would be carried out and gave no limiting instructions on this matter and (2) he did not discuss afterwards how the order was carried out or how entry was made. Consequently, we cannot affirmatively state that the record demonstrates that Judge Lacey was actually aware of the surreptitious entry; however, his opinion shows that he was cognizant that such surreptitious entry might be most appropriate.

for government agents would be to include a statement regarding the need of a surreptitious entry in a request for the interception of oral communications when a break-in is contemplated.[4] This burden is minimal in light of the fourth amendment considerations that could be later raised.

The judgment of the district court will be affirmed.

4. When the request to intercept oral communications was made in 1973 in the instant case the Department of Justice was not on notice of any conflict among the circuits. Since that time, absent a Supreme Court decision, there has developed an irreconcilable conflict among the various courts of appeals.